**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Javier MUNOZ–PERALTA, aka**
**Armando Estrada Gonzalez,**
**Defendant—Appellant.**

No. 03–10236.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 2004.

Decided May 3, 2004.

Fred Wallace Slaughter, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Ralph E. Ellinwood, Ellinwood & Bates, Tucson, AZ, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Defendant/Appellant Javier Munoz–Peralta "was not under constant observation by governmental authorities from the mo-

---

ment he set foot in this country until the moment of his arrest." *United States v. Ramos–Godinez,* 273 F.3d 820, 825 (9th Cir.2001) (citation and internal quotation marks omitted). Munoz–Peralta crossed the border undetected, and the government was first alerted to the possibility that someone may have crossed the border when Munoz–Peralta triggered the sensor approximately 200 yards from the border. Additionally, the government tracked Munoz–Peralta by following his footprints. *See United States v. Hernandez–Herrera,* 273 F.3d 1213, 1219 (9th Cir.2001) (holding that a defendant is free from official restraint when "[p]ersistent tracking, rather than visual surveillance, led to [the alien's] apprehension").

The district court properly declined to give an "official restraint" jury instruction, because the evidence did not support such a theory. *See United States v. Castellanos–Garcia,* 270 F.3d 773, 777 (9th Cir. 2001). Likewise, the denial of Munoz–Peralta's motion for acquittal was appropriate, because the government presented sufficient evidence from which a rational trier of fact could have concluded that Munoz–Peralta entered the United States free from official restraint. *See Ramos–Godinez,* 273 F.3d at 825; *see also Hernandez–Herrera,* 273 F.3d at 1218 (articulating the standard of review for a motion for acquittal).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.